<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4646**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

WILLIE J. HOLTON,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (CR-03-87)

———————

Submitted:  March 9, 2005          Decided:  March 31, 2005

———————

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public  Defender, Jane E. Pearce, Writing and Research Attorney, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Willie J. Holton was convicted by a jury of willfully failing to pay court-ordered child support from on or about June 1998 through September 15, 2003, in violation of 18 U.S.C.A. § 228(a)(3) (West 2000). Holton appeals his conviction, asserting that the evidence was insufficient to support it. We affirm.

Holton contends that the Government failed to prove that he acted willfully. To determine if there was sufficient evidence to support a conviction, this court considers whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003), cert. denied, 124 S. Ct. 2906 (2004). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). The court reviews both direct and circumstantial evidence and permits "the [G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be 'confined to cases where

the prosecution's failure is clear.'" <u>United States v. Jones</u>, 735 F.2d 785, 791 (4th Cir. 1984) (quoting <u>Burks v. United States</u>, 437 U.S. 1, 17 (1978)). Witness credibility is within the sole province of the jury, and the court will not reassess the credibility of testimony. <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989).

With these standards in mind, we conclude from the materials on appeal that sufficient evidence supports the jury's conclusion that Holton willfully failed to pay child support during the period charged in the indictment. <u>See</u> <u>United State v. Mattice</u>, 186 F.3d 219, 225 (2d Cir. 1999) (defining willfulness as "voluntary, intentional violation of a known legal duty")(internal quotation marks and citation omitted). Accordingly, we affirm Holton's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>